# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## AT INDIANAPOLIS

| | | |
|---|---|---|
| **KATHI LOZZI** <br> 9427 N. Kenwood Ave. <br> Indianapolis, IN 46260-1442 | : <br> : <br> : | Case No. 1:22-cv-2320 <br><br> Judge |
| Plaintiff, | : <br> : | |
| v. | : | **COMPLAINT WITH JURY** <br> **DEMAND ENDORSED** |
| **SENTINEL LABS, INC. dba SENTINELONE** <br> 605 Fairchild Drive <br> Mountain View, CA 94043 | : <br> : <br> : | **HEREON** |
| Defendant. | : <br> : <br> : | |
| Also serve: <br> **SENTINEL LABS, INC. dba SENTINELONE** <br> c/o Bradley Rochford, its Registered Agent <br> 7219 Oakenshaw Drive <br> Fishers, IN 46038 | : <br> : <br> : <br> : <br> : | |

## **PARTIES**

1. Plaintiff Kathi Lozzi ("Plaintiff" or "Ms. Lozzi") is a citizen and resident of the state of Indiana.

2. Defendant Sentinel Labs, Inc. dba SentinelOne ("Defendant") is a Delaware corporation with its principal place of business in Mountain View, California. Defendant is an employer within the meaning of Federal and Indiana law.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1331 because these Counts arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

4. This Court has jurisdiction over the state law claims in Counts III and IV pursuant to 28 U.S.C. § 1367 because these Counts are so related to the federal claims over which this Court has original jurisdiction that they form the same case or controversy.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 13, 2022.

6. On or about September 7, 2022, Plaintiff received a Notice of Right to Sue from the EEOC.

7. Plaintiff filed this Complaint within 90 days of her receipt of the EEOC Notice of Right to Sue.

8. Plaintiff has met all procedural prerequisites for her claims.

9. Venue is proper in this Division and District pursuant to 29 U.S.C. § 1391(b) because Plaintiff was employed in this division and district and the conduct giving rise to Plaintiff's claims occurred within this division and district.

**FACTUAL ALLEGATIONS**

10. Ms. Lozzi is an Asian American female.

11. Ms. Lozzi worked for Defendant as a Channel Sales Manager beginning in April 2018 until her termination in or about November 2021.

12. At all relevant times, Ms Lozzi was qualified for her position(s) and was a loyal and dedicated employee. Her performance was exemplary as demonstrated by positive reviews,

bonuses, and raises which Defendant granted her.  She earned the Q1 2020 MVP award.  Defendant was confident enough in Ms. Lozzi's abilities to relocate her from the Northeast to the North Central region in 2019 to serve an underdeveloped territory.  And, in fact, Ms. Lozzi was critical to the success in developing the North Central into the highest revenue-producing region in the U.S. to date for Defendant.  Ms. Lozzi was well respected by her internal teams as well as the partner community as a whole.

13. Ms. Lozzi was the only woman on her sales team in her region.  It was not unusual for her to hear sexist and racist comments, such as jokes about Asian "mail order brides."

14. The nature of Ms. Lozzi's position required her to travel and entertain frequently, as is typical in a sales or sales management role.  Meals and drinks on a sales trip were *de rigueur.*

15. On October 18, 2021, Ms. Lozzi was on a sales trip in Detroit with four co-workers, having a planned dinner with potential clients.  Ms. Lozzi ordered a drink at the bar very shortly before dinner, but didn't have time to finish that drink before the group was seated sometime after 7:00 p.m.  She sat down and ordered a second drink to accompany her dinner.

16. Of the group of 13 people at dinner, all but one other besides Ms. Lozzi were men.

17. The next thing Ms. Lozzi remembers is waking up in her hotel room at around 4:00 a.m.  She had no memory from approximately 7:30 p.m. until that time.  The next day she spoke to one of her longtime co-workers, who described her behavior during the evening as being "clearly not herself," and said it was obvious that something was wrong with her – she was dangerously impaired and completely disoriented.  This kind of reaction had never happened to

Ms. Lozzi before, and it is impossible that one or two drinks (or even several) could have had this sudden and drastic effect on her.

18. Upon information and belief, an unknown person had illicitly slipped a "roofie" or a drug similar to Rohypnol into Ms. Lozzi's drink either at the bar or at dinner. Rohypnol is commonly known as the "date rape drug" because of its ability to suddenly both impair persons and to rob them of their memories of the evening. It is also easily slipped into a single beverage.

19. Defendant terminated Ms. Lozzi's employment shortly after this incident and indicated that the events of this evening were the triggering cause – even though Ms. Lozzi's erratic behavior that evening was no fault of her own, and indeed, were the result of having been drugged in a criminal assault.

20. Further, given that the table at dinner was populated by only Defendant's clients and employees, Defendant knew or should have known that Ms. Lozzi's behavior was not the result of her over-indulgence, but rather that she had been victimized because, as her co-worker observed she was clearly "not herself."

21. Naturally, given that the table at dinner was populated by only Defendant's clients and employees suspicion as to her assailant is primarily directed toward those same clients and employees of Defendant.

22. Defendant's Male and Caucasian employees have over-indulged at or during business trips yet have not been disciplined or terminated for the same.

23. Defendant's justification for terminating Ms. Lozzi was mere pretext to cover up that her termination was motivated by gender and/or racial animus.

24. Upon information and belief, Defendant replaced Ms. Lozzi with a male Caucasian employee.

## COUNT I

**(Gender Discrimination in Violation of Title VII of the Civil Rights Act)**

25. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

26. Plaintiff is a female.

27. Plaintiff was qualified for her position at all relevant times.

28. Defendant treated Plaintiff substantially worse than similarly situated male employees.

29. Defendant then terminated Plaintiff's employment based upon her gender in violation of Title VII of the Civil Rights Act.

30. Defendant engages in a pattern and practice of gender discrimination.

31. Defendant's actions were intentional, willful, wanton, and malicious in nature.

32. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and suffered damages for which she is entitled to recovery under Title VII of the Civil Rights Act.

## COUNT II

**(Race Discrimination in Violation of Title VII of the Civil Rights Act)**

33. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

34. Plaintiff is Asian American.

35. Plaintiff was qualified for her position at all relevant times.

36. Defendant treated Plaintiff substantially worse than similarly situated Caucasian employees.

37. Defendant then terminated Plaintiff's employment based upon her race in violation of Title VII of the Civil Rights Act.

38. Defendant's termination of Plaintiff permitted the hiring and/or retention of Caucasian employees.

39. Defendant engages in a pattern and practice of race discrimination.

40. Defendant's actions were intentional, willful, wanton, and malicious in nature.

41. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and suffered damages for which she is entitled to recovery under Title VII of the Civil Rights Act.

## COUNT III

### (Gender Discrimination in Violation of Indiana Code 22-9-1)

42. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

43. Plaintiff is a female.

44. Plaintiff was qualified for her position at all relevant times.

45. Defendant treated Plaintiff substantially worse than similarly situated male employees.

46. Defendant then terminated Plaintiff's employment based upon her gender in violation of Indiana Code 22-9-1.

47. Defendant engages in a pattern and practice of gender discrimination.

48. Defendant's actions were intentional, willful, wanton, and malicious in nature.

49. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and suffered damages for which she is entitled to recovery under Indiana Code 22-9-1.

## COUNT IV

### (Race Discrimination in Violation of Indiana Code 22-9-1)

50. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

51. Plaintiff is Asian American

52. Plaintiff was qualified for her position at all relevant times.

53. Defendant treated Plaintiff substantially worse than similarly situated Caucasian employees.

54. Defendant then terminated Plaintiff's employment based upon her race in violation of Indiana Code 22-9-1.

55. Defendant's termination of Plaintiff permitted the hiring and/or retention of Caucasian employees.

56. Defendant engages in a pattern and practice of race discrimination.

57. Defendant's actions were intentional, willful, wanton, and malicious in nature.

58. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and suffered damages for which she is entitled to recovery under Indiana Code 22-9-1.

**WHEREFORE**, Plaintiff Kathi Lozzi demands judgment as follows:

(a) That Defendants be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated;

(c) That Plaintiff be awarded compensatory damages including emotional distress, humiliation and pain and suffering;

(d) That Plaintiff be awarded all lost pay and benefits, including stock awards and related benefits;

(e) That Plaintiff be awarded punitive damages;

(f)  That Plaintiff be awarded liquidated damages;

(g) That Plaintiff be awarded pre-judgment interest;

(h) That Plaintiff be awarded reasonable attorneys' fees; and

(i) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

        Respectfully submitted,

        /s/ David A. Eberly_____
        David A. Eberly (0067007)
        Eberly McMahon Copetas LLC
        2245 Gilbert Ave. Suite 101
        Cincinnati, OH   45206
        513-533-9898
        513-533-3554 Fax
        deberly@emclawyers.com
        Attorneys for Plaintiff Kathi Lozzi

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.